UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
CHERYL MONTGOMERY et al.,      )
                              )
         Plaintiffs,          )
                              )
         v.                   )    Civil Action No. 07-1240 (RWR)
                              )
STG INTERNATIONAL, INC.,       )
                              )
         Defendant.           )
_____)
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Cheryl Montgomery and Gregory Bigelow bring age and race discrimination claims under 42 U.S.C. § 1981, the District of Columbia's Human Rights Act ("Human Rights Act"), and common law against their former employer, defendant STG International ("STG"). STG has moved to transfer the action to the United States District Court for the Eastern District of Virginia, and has moved to sever the plaintiffs asserting that they are improperly joined. The plaintiffs oppose a transfer and severance. Because STG has shown that transfer to the Eastern District of Virginia is in the interest of justice, STG's motion to transfer will be granted. However, because the record has not been developed through discovery, severance is premature and the motion to sever will be denied without prejudice.

<u>BACKGROUND</u>

Bigelow and Montgomery allege that during their employment at STG, they were discriminated against and ultimately terminated

-2-

due to their race and age.  Montgomery worked as a Program
Manager on STG's federal contract with the Department of Health
and Human Service's Division of Immigration Health Services
("DIHS") while Bigelow worked as an Assistant Controller
overseeing many of STG's contracts, including the one with DIHS.
(Compl. ¶¶ 7, 8.)  During her tenure at STG, Montgomery worked
primarily in Washington, D.C. at her client's office, but would
travel to STG's Virginia headquarters once a week for meetings.
(Pls.' Opp'n to Def.'s Mot. to Sever & Transfer ("Pls.' Opp'n"),
Montgomery Decl. ("Montgomery Decl.") at 1.)[1]  Bigelow worked
solely at STG's Virginia headquarters.[2]  (Def.'s Mem. P. & A. in
Supp. of Mot. to Sever & Transfer ("Def.'s Mem."), Ellen Duncan
Aff. ("Duncan Aff.") ¶ 14.)  Montgomery and Bigelow are both
residents of Virginia.  (Compl. ¶¶ 4, 5.)  STG is a Virginia
corporation, headquartered in Alexandria, Virginia, where
personnel records are maintained.  (Duncan Aff. ¶¶ 1, 3, 13, 17.)

     The plaintiffs allege that Michelle Lee, STG's Chief
Executive Officer, their supervisors, Ann Kenny and Judy Krocker,
and human resource representatives Cyndi Fischer, Ellen Duncan,
and Marcia Euwema, discriminated against them by falsely
reporting the quality of plaintiffs' work performance, limiting

---

[1] Montgomery did work full-time at STG's Virginia office for
at least a 6-month period during 2006.  (Montgomery Decl. at 1.)

[2] The plaintiffs do not contest STG's assertion that Bigelow
worked only in Virginia.

-3-

career advancement, and removing job responsibilities or titles. (Compl. ¶¶ 11, 12, 14, 15, 19, 22, 23, 28.)  Moreover, Bigelow asserts that STG employees made racially based comments to him or in his presence (id. ¶¶ 10, 15, 18), while Montgomery claims that STG retaliated against her for filing administrative discrimination complaints. (Id. ¶¶ 22, 25.)  The relevant witnesses work in the District of Columbia or Virginia.  (Def.'s Mem. at 14; Bigelow Decl. ¶ 4; Montgomery Decl. at 1.)  Bigelow and Montgomery were terminated on January 17, 2007 and March 5, 2007, respectively.  (Compl. ¶¶ 26, 28.)

Montgomery and Bigelow allege race discrimination, hostile work environment, and unlawful termination in violation of § 1981; hostile work environment, race discrimination, and age discrimination in violation of the Human Rights Act; and wrongful termination.  Montgomery also alleges retaliation in violation of § 1981 and the Human Rights Act.  STG has moved under 28 U.S.C. § 1404(a) to transfer the action to the Eastern District of Virginia, and has moved under Federal Rule of Civil Procedure 21 to sever the plaintiffs claiming they are improperly joined under Rule 20(a).

<u>DISCUSSION</u>

I.   VENUE

A case may be transferred to another venue under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the

interest of justice[.]"  28 U.S.C. § 1404(a).  <u>See</u> <u>Piper Aircraft</u>
<u>Co. v. Reyno</u>, 454 U.S. 235, 253 (1981).  The moving party has the
burden of establishing that a transfer is proper.  <u>Onyeneho v.</u>
<u>Allstate Ins. Co.</u>, 466 F. Supp. 2d 1, 3 (D.D.C. 2006).  As a
threshold requirement, the transferee court must be in a district
where the action "might have been brought."[3]  <u>See</u> 28 U.S.C.
§ 1404(a).  If it is, then a court uses its broad discretion to
balance case-specific factors related to the public interest of
justice and the private interests of the parties and witnesses.
<u>Stewart Org. Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29-30 (1988);
<u>Trout Unlimited v. U.S. Dep't of Agric.</u>, 944 F. Supp. 13, 16
(D.D.C. 1996).  In the balancing, a "[p]laintiff's choice of
forum is given paramount consideration and the burden of
demonstrating that an action should be transferred is on the
movant."  <u>Air Line Pilots Ass'n v. E. Air Lines</u>, 672 F. Supp.
525, 526 (D.D.C. 1987); <u>see also</u> <u>DeLoach v. Phillip Morris Cos.</u>,
132 F. Supp. 2d 22, 24 (D.D.C. 2000).  Ultimately, if the balance
of private and public interests favors a transfer of venue, then
a court may order a transfer.

---

[3] STG concedes that venue is proper in the District of
Columbia under 28 U.S.C. § 1391, as STG is registered to do
business here.  (Def.'s Mem. at 11.)

-5-

A.   Venue in the Eastern District of Virginia

Where, as here, jurisdiction is not founded only on diversity of citizenship,[4] venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b).  See also Payne v. Giant of Md., L.L.C., Civil Action No. 05-897 (GK), 2006 WL 1793303, at *2 (D.D.C. June 28, 2006).  STG is headquartered in the Eastern District of Virginia and many of the alleged events complained of occurred in or involved employees in the transferee district.  Therefore, this action could have been brought in the transferee district.

B.   Private Interests

The private interest factors typically considered include: 1) the plaintiff's choice of forum, 2) the defendant's choice of forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts,[5] and 6) the ease of

_____

[4] Plaintiffs invoke jurisdiction in part under 28 U.S.C. § 1331 since some of their claims arise under a federal statute. (Compl. ¶ 2.)

[5] Trout Unlimited and a number of opinions since then from this district articulate this modifying clause as "but only to the extent that the witnesses may actually be unavailable for

-6-

access to sources of proof.  <u>Akiachak Native Cmty. v. Dep't of Interior</u>, 502 F. Supp. 2d 64, 67 (D.D.C. 2007).  Courts ordinarily give deference to plaintiffs' choice of forum. <u>Schmidt v. Am. Inst. of Physics</u>, 322 F. Supp. 2d 28, 33 (D.D.C. 2004).  However, if the plaintiffs are not residents of the forum and "most of the relevant events occurred elsewhere," this deference is weakened.  <u>Hunter v. Johanns</u>, 517 F. Supp. 2d 340, 344 (D.D.C. 2007).  <u>See also</u> <u>Kafack v. Primerica Life Ins. Co.</u>, 934 F. Supp. 3, 6-7 (D.D.C. 1996) (stating in support of a transfer that "the material events that constitute the factual predicate for the plaintiff's claims occurred" in the transferee district); <u>Trout Unlimited</u>, 944 F. Supp. at 17.  When the plaintiffs reside in the transferee district, their choice of forum is also diminished.  <u>Onyeneho</u>, 466 F. Supp. 2d at 5 (quoting <u>Citizen Advocates for Responsible Expansion, Inc. v. Dole</u>, 561 F. Supp. 1238, 1239 (D.D.C. 1983)).

---

trial in one of the fora[.]"  <u>Id.</u> at 16 (emphasis added).  <u>Trout Unlimited</u> cites solely to 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice and Procedure: Jurisdiction and Related Matters</u> ("Wright, Miller & Cooper"), § 3848 at 420-22 (2d ed. 1986) as a source for this categorical formulation.  What that second edition of the treatise actually said was: "There are frequent indications in the cases that what the courts actually are considering is not so much the convenience of the witnesses but the possibility of having their live testimony at the trial." <u>Id.</u>  The less categorical formulation used above in the main text better reflects the observations in both the second and current third editions of the treatise.  <u>See</u> 15 Wright, Miller & Cooper, § 3848 at 212 (3d. ed. 2007).

-7-

The first three factors weigh in favor of transfer.  The
plaintiffs are Virginia residents and STG is headquartered and
incorporated in Virginia.  Montgomery's claims primarily,
although not exclusively, stem from conduct in Virginia where she
attended meetings weekly, and not her work at DIHS' office in the
District of Columbia.  The alleged discriminatory behavior by STG
employees Lee, Kenny, Fischer, and Duncan took place in Virginia.
The managers involved in the alleged events work in Virginia and
all employment decisions, including termination meetings about
Bigelow and Montgomery, occurred in Virginia.  Bigelow's
discrimination claims involve actions by STG employees that he
worked with in Virginia.  Indeed, he worked exclusively in
Virginia.  The fact that Montgomery received unemployment here,
both plaintiffs filed their administrative complaints in this
district (Pls.' Opp'n at 6-7), and Bigelow worked on federal
contracts for clients based in the District of Columbia (id. at
7), does not constitute the material factual predicate for
plaintiffs' claims.  Collectively, the facts demonstrate that
Virginia has more meaningful ties to the litigation than does the
District of Columbia, and the plaintiffs' choice of forum is
entitled to less deference.  See Barham v. UBS Fin. Servs., 496
F. Supp. 2d 174, 179 (D.D.C. 2007); Airport Working Group of
Orange County, Inc. v. Dep't of Def., 226 F. Supp. 2d 227, 231
(D.D.C. 2002) (finding that when the connection between the

-8-

controversy, plaintiff, and the forum are attenuated and lack a meaningful factual nexus, less deference is given).

STG asserts that the Eastern District of Virginia would be more convenient for the parties and witnesses (Def.'s Mem. at 14), while the plaintiffs contend that both districts would be equally convenient.  (Pls.' Opp'n at 8-9.)  STG's personnel files are in Virginia while witnesses are located in both jurisdictions.  Any inconvenience to plaintiffs' counsel in having to engage local counsel in Virginia "is of minor, if any, importance under § 1404(a)."  Islamic Republic of Iran v. Boeing Co., 477 F. Supp. 142, 143 (D.D.C. 1979).  The geographic distance between the Eastern District of Virginia's courthouse in Alexandria and the District of Columbia is small and it is unlikely that a transfer would materially affect the convenience of the parties or witnesses, or the ability to obtain sources of proof.  Barham, 496 F. Supp. 2d at 179; Great Socialist People's Libyan Arab Jamahiriya v. Miski, 496 F. Supp. 2d 137, 144-45 (D.D.C. 2007).  These final three private interests favor neither side.

C.   Public Interest

The public factors usually weighed in considering a motion to transfer include: 1) the transferee's familiarity with the governing laws, 2) the relative congestion of each court, and 3) the local interest in deciding local controversies at home.

-9-

Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 143
(D.D.C. 2004).

Seven of the plaintiffs' sixteen claims arise under § 1981.
All federal courts are presumed equally familiar with the law
governing these claims.  See id. (citing In re Korean Air Lines
Disaster of Sept. 1, 1983, 829 F.2d 1171, 1175 (D.C. Cir. 1987)).
The District of Columbia may be more familiar with the remaining
Human Rights Act and District of Columbia common law claims.  See
Trout Unlimited, 944 F. Supp. at 19; Armco Steel Co. v. CSX
Corp., 790 F. Supp. 311, 324 (D.D.C. 1991).  However, it is not
unusual for our sister court in neighboring Alexandria to
exercise supplemental jurisdiction over District of Columbia
statutory or common law claims.[6]  Liban, 305 F. Supp. 2d at 143
(concluding that the District of Maryland could exercise
supplemental jurisdiction over the plaintiff's Human Rights Act
claims).

STG argues that transferring the case to the Eastern
District of Virginia would result in a faster resolution of the
case.  (Def.'s Mem. at 15.)  However, STG presents no evidence to
support this claim, rendering this factor neutral.  Green v.

---

[6] STG alleges that Bigelow has no claims under the Human
Rights Act or District of Columbia common law and that both
plaintiffs' written employment offers stated that their
employment relationships were to be governed by Virginia law.
(Def.'s Mem. at 15.)  If D.C. law does not govern plaintiffs'
non-federal claims, this factor would tilt in neither direction.

-10-

Footlocker Retail, Inc., Civil Action No. 04-1875 (ESH), 2005 WL
1330686, at *3 (D.D.C. June 3, 2005) (stating that the defendants
had not established any difference between the two courts in
regards to docket size or efficiency); Shenandoah Assoc. Ltd.
P'ship v. Tirana, 182 F. Supp. 2d 14, 26 (D.D.C. 2001) (finding
unpersuasive the argument that one court is more meaningfully
congested than the other absent evidence).

Finally, Virginia has a stronger local interest in this case
than does the District of Columbia.  Even though the District of
Columbia has an interest in the employment of the plaintiff who
worked here, the parties and material events that make up the
claims' factual predicate are more connected to Virginia.  See
Liban, 305 F. Supp. 2d at 143 (finding that since a majority of
the discriminatory events occurred in Maryland, this supports a
stronger local interest for Maryland).

Thus, although venue is proper in the District of Columbia,
the balance of public and private interests favors a transfer to
the Eastern District of Virginia, and the defendant's motion to
transfer will be granted.

II.  SEVERANCE

STG contends that the plaintiffs' claims are misjoined under
Rule 20(a) and moves to sever them under Rule 21.[7]  Courts

----

[7] Rule 21 states that "[m]isjoinder of parties is not a
ground for dismissing an action.  On motion or on its own, the
court may at any time, on just terms, add or drop a party.  The

consider parties to be misjoined when the permissive joinder
requirements of Rule 20(a) are not met.  <u>Disparate v. Corp.</u>
<u>Executive Bd.</u>, 223 F.R.D. 7, 12 (D.D.C. 2004) (quoting <u>Puricelli</u>
<u>v. CNA Ins. Co.</u>, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).
Rule 20(a) allows multiple claims to be joined if: 1) the claims
arise from the same transaction or occurrence or series of
transactions or occurrences and 2) any question of law or fact
common to all plaintiffs arose in the action.  Fed. R. Civ. P.
20(a).  <u>See also</u> <u>M.K. v. Tenet</u>, 216 F.R.D. 133, 138 (D.D.C.
2002).  Permissive joinder is used to promote convenience and
expedite resolution.  <u>Disparate</u>, 223 F.R.D. at 10 (quoting
<u>Puricelli</u>, 185 F.R.D. at 142).  Even if the requirements of
Rule 20(a) are satisfied, a court could sever the plaintiffs to
avoid prejudice to the parties or confusion to the jury.  <u>M.K.</u>,
216 F.R.D. at 138.

    Rule 20(a)'s first prong is met if the claims are logically
related.  <u>Disparate</u>, 223 F.R.D. at 10.  This is a flexible test
where the "'impulse is toward entertaining the broadest possible
scope of action consistent with fairness to the parties[.]'"
<u>Lane v. Tschetter</u>, Civil Action No. 05-1414 (EGS), 2007 WL
2007493, at *7 (D.D.C. July 10, 2007) (quoting <u>United Mine</u>

court may also sever any claim against a party."  Fed. R. Civ.
P. 21.  If parties are improperly joined, a court can sever and
proceed separately.  <u>Lucas v. Barreto</u>, Civil Action No. 04-1262
(EGS), 2005 WL 607923, at *2 (D.D.C. Mar. 16, 2005).

-12-

Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)); see also

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)

(noting that "transaction" can include a series of many

occurrences "depending not so much upon the immediateness of

their connection as upon their logical relationship").

Rule 20's second prong requires some common question of law

or fact in the plaintiffs' claims, but not all issues have to be

common to all plaintiffs.  Disparate, 223 F.R.D. at 11.  In

employment discrimination cases, courts often consider the

circumstances surrounding the plaintiffs' claims, including the

people involved, the location, the time frame, and the

defendant's pattern of behavior.  Id. at 11-12.

In the employment discrimination context, courts have found

joinder to be proper when the plaintiffs were injured due a

systematic pattern or practice, Alexander v. Fulton Co., 207 F.3d

1303, 1324 (11th Cir. 2000), as reflected in, for example, a

written uniform company policy.  Elliot v. USF Holland, Inc., No.

01-159, 2002 WL 826405, at *1 (S.D. Ind. Mar. 21, 2002).

However, joinder may be improper when employees at different

locations allege similar discriminatory acts, but by different

supervisors or at different times.  Id.

STG argues that the plaintiffs' claims do not arise out of

the same transactions or occurrences and do not involve common

legal or factual issues. (Def.'s Mem. at 6.)  It contends that

-13-

Montgomery and Bigelow worked in different offices, had different
supervisors, were in different departments, allege different
claims, and were terminated on different days. (Id. at 7.)  In
response, the plaintiffs argue that their individual
discrimination experiences are connected because Michelle Lee,
STG's Chief Executive Officer, made racial comments and was
involved in the employment decisions that led to both plaintiffs'
terminations. (Pls.' Opp'n at 12.; Bigelow Decl. ¶ 7; Montgomery
Decl. at 1.)

    While STG asserts that the plaintiffs' situations are
different, the presence of some material differences between the
plaintiffs' allegations "does not automatically bring such claims
outside the same transaction or occurrence language." Puricelli,
185 F.R.D. at 142 (internal quotations removed); see also Radtke
v. Caschetta, Civil Action No. 06-2031 (EGS), 2007 WL 2071700,
at *4 (D.D.C. July 17, 2007) (finding that even though the
plaintiffs worked at different locations, severance was
inappropriate because they both signed the same agreement, were
hired by the same people, worked on the same contract, and did
the same type of work).  Both plaintiffs allege the involvement
of a common actor, Michelle Lee, who played a role in their
terminations and in other discriminatory events.  Although
employed in different departments, Montgomery and Bigelow each
worked in some capacity on the DIHS contract and each complained

-14-

to STG management in 2006 about improper financial and business practices involving this contract.  (Compl. ¶ 20.)  After raising their concerns over the DIHS contract, the plaintiffs were later reprimanded and terminated within a two month time period of each other.  Both plaintiffs bring similar race discrimination, hostile work environment, unlawful termination, and age discrimination claims.  Montgomery and Bigelow have pled some commonality of facts suggesting that the claims may have arisen from the same transactions or occurrences and may involve a common legal question or fact.

Because the plaintiffs have alleged a possible basis to meet Rule 20(a)'s requirements, severance would be premature at this early point in the litigation.  Unlike the plaintiffs in Disparate, a case both parties cite, Montgomery and Bigelow have not had the benefit of discovery.  Lane, 2007 WL 2007493, at *7 (finding that severance was premature and that keeping the parties joined allowed for more efficient case management and discovery).  The plaintiffs have alleged some commonality of fact and the record should be further developed through discovery to determine whether Rule 20(a)'s requirements are met.  Id.  At this early point in the litigation, STG will not suffer any material prejudice by keeping the claims joined.

-15-

<u>CONCLUSION AND ORDER</u>

The balance of public and private interest factors favors transfer of this case to the Eastern District of Virginia. However, the plaintiffs have shown preliminarily some commonality of fact arising from the same series of occurrences, making severance unwarranted at this early point in the litigation before any discovery occurs.  Accordingly, it is hereby

ORDERED that STG's motion [5] to transfer venue and sever be, and hereby is, GRANTED IN PART and DENIED IN PART.  The request to sever is denied without prejudice.  The request to transfer venue is granted.  The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Virginia.  All pending motions shall be left for decision by the transferee court.

SIGNED this 30th day of January, 2008.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge